STAY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-04150 BRO (GJSx)** | Date | August 6, 2015 |
|---|---|---|---|
| Title | **THOMAS & BETTS CORPORATION V. ROBROY INDUSTRIES, INC. ET AL.** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (IN CHAMBERS)

**ORDER RE: DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY [27, 30]**

**I. INTRODUCTION**

Pending before the Court is a Motion to Dismiss filed by Defendants Robroy Industries–Texas LLC and Robroy Industries, Inc. (collectively, "Defendants"). (Dkt. Nos. 27, 30.) The motion regards a separate lawsuit between the parties pending in the United States District Court for the Eastern District of Texas. Because of that lawsuit, which was filed just over a month before this one, Defendants seek to dismiss this action based upon the first-to-file rule. Alternatively, Defendants move to transfer this case to the Eastern District of Texas or to stay these proceedings pending the Texas district court's decision on a motion to transfer the Texas litigation to this Court.

After considering the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, Defendants' motion is **GRANTED in part**. The first-to-file rule applies and requires that the Court dismiss, transfer, or stay this case. Because the Texas district court has not yet resolved the transfer motion pending before it, the Court finds it most appropriate to stay these proceedings until the Texas court issues its decision.

STAY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04150 BRO (GJSx) | Date | August 6, 2015 |
|---|---|---|---|
| Title | THOMAS & BETTS CORPORATION V. ROBROY INDUSTRIES, INC. ET AL. | | |

## II. FACTUAL AND PROCEDURAL BACKGROUND

This case involves a 1997 settlement agreement between the parties resolving a similar dispute as the one presented here and relates to a separate proceeding filed by Defendants in the Eastern District of Texas.[1] Plaintiff Thomas & Betts Corporation ("Plaintiff") manufactures various products used in developing electrical power plants, transmission lines, and other infrastructure. (Compl. ¶ 2.) Defendants are competitors of Plaintiff, and both companies manufacture a PVC-coated metal conduit frequently used in the construction of power plants and other infrastructure exposed to corrosive materials. (Compl. ¶ 11; Tex. Compl. ¶¶ 6, 8.)

Plaintiff and Defendants sell their coated metal conduits pursuant to listings from Underwriters Laboratories ("UL"), an organization dedicated to public safety that promulgates and publishes safety standards for electrical equipment and related products and devices. (Tex. Compl. ¶ 9.) UL examines and tests products to determine whether they comply with the organization's safety requirements. (Tex. Compl. ¶ 9.) If a product meets UL's safety standards, the product manufacturer may mark the product as "UL Listed." (Tex. Compl. ¶ 9.) The ability to designate a product as "UL Listed" is important to manufacturers like Plaintiff and Defendants, as public authorities, architects, and builders often require the use of "UL Listed" materials. (Tex. Compl. ¶ 16.)

### A. The 1997 Settlement Agreement

In May 1996, Plaintiff's predecessor in interest, Ocal, Inc. ("Ocal"), sent a letter to Defendants' customers stating that Defendants' coated metal conduit did not comply with UL's safety standards. (Compl. ¶ 12; Tex. Compl. ¶ 21.) The letter sparked a flurry of litigation between the parties. On May 24, 1996, Ocal filed a complaint against Defendants for false advertising, unfair competition, and intentional interference with business relations in the Superior Court of California, County of Los Angeles. (Compl. ¶ 13.) In July 1996, Defendants removed the matter to the United States District Court for the Central District of California and filed a separate lawsuit in the United

---

[1] Because this case relates to the case before the Eastern District of Texas, the Court will cite to the pleadings in both cases. Citations to the "Complaint" will refer to the complaint filed in this case. Citations to the "Texas Complaint" will refer to the complaint filed in the related action, *Robroy Industries–Texas LLC et al. v. Thomas & Betts Corporation*, No. CV 15-00512 JRG.

STAY

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04150 BRO (GJSx) | Date | August 6, 2015 |
|---|---|---|---|
| Title | THOMAS & BETTS CORPORATION V. ROBROY INDUSTRIES, INC. ET AL. | | |

States District Court for the Northern District of Texas bringing claims against Ocal for false advertising and trade defamation. (Compl. ¶¶ 14, 15.) The cases were consolidated, and the parties reached a settlement agreement resolving both actions sometime in March 1997. (Compl. ¶¶ 16, 17.) The settlement agreement



### B. The Case Pending Before the Eastern District of Texas

A separate case potentially related to the 1997 settlement agreement is presently pending before Judge Rodney Gilstrap in the Eastern District of Texas.² Defendants filed the Texas Complaint on April 15, 2015 and bring claims against Plaintiff for false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, as well as trade defamation and unfair competition under Texas law. (*See* Tex. Compl. ¶¶ 40–61.) According to the Texas Complaint, Defendants recently discovered that Plaintiff's salespersons have falsely claimed Defendants' coated metal conduit does not comply with UL's safety standards. (Tex. Compl. ¶¶ 29–33.) Defendants further allege Plaintiff's salespersons have made these statements in connection with construction projects for which Plaintiff's coated metal conduit is not listed for use. (Tex. Compl. ¶¶ 29–33.) Defendants maintain that these misrepresentations have led to the

---

² *See Robroy Industries–Texas LLC et al. v. Thomas & Betts Corporation*, No. CV 15-00512 JRG.

**STAY**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04150 BRO (GJSx) | Date | August 6, 2015 |
|---|---|---|---|
| Title | THOMAS & BETTS CORPORATION V. ROBROY INDUSTRIES, INC. ET AL. | | |

approval and sale of Plaintiff's product over Defendants' in numerous public and private construction projects across the nation. (*See* Tex. Compl. ¶¶ 34–36.)

### C. The Case Pending Before This Court

Plaintiff initiated this action shortly after Defendants filed suit in the Eastern District of Texas. (Dkt. No. 1.) Plaintiff seeks a declaratory judgment that Defendants' allegations fall within the 1997 settlement agreement and that Plaintiff is not liable for false advertising, trade defamation, or unfair competition. (*See* Compl. ¶¶ 30–44.) Plaintiff alleges its salespersons were permitted to state that Defendants' products did not comply with UL's safety standards because UL had delisted Defendants' coated metal conduit at the time of the alleged misrepresentations. (Compl. ¶¶ 36, 40.) Plaintiff also alleges Defendants are barred from bringing claims against it under Texas state law

### D. The Relevant Procedural Histories of Both Cases

After initiating suit in this Court, Plaintiff filed a motion to transfer in the Eastern District of Texas . (Defs.' Mot. Ex. C.) Plaintiff seeks to transfer the Texas case to this Court. Plaintiff alternatively requests that the Texas district court stay its proceedings pending the resolution of the declaratory judgment action before this Court. (Defs.' Mot. Ex. C.) As of this date, the Texas district court has not ruled on Plaintiff's transfer motion.

On June 26, 2015, Defendants filed the instant Motion to Dismiss, Transfer, or Stay. (Dkt. No. 27, 30.) Defendants contend dismissal of this action is appropriate based upon the first-to-file rule. Alternatively, Defendants request that the Court transfer this case to the Eastern District of Texas or stay the proceedings pending the Texas district court's determination of Plaintiff's transfer motion. Plaintiff timely opposed the motion, (Dkt. No. 40, 41), and Defendants timely replied, (Dkt. No. 37, 38).

### III. LEGAL STANDARD

The well-established "first-to-file rule" permits a federal district court to transfer, stay, or dismiss an action before it when a similar action has already been filed in another federal court. *Alltrade Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622, 625 (9th Cir. 1991); *see*

STAY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04150 BRO (GJSx) | Date | August 6, 2015 |
|---|---|---|---|
| Title | THOMAS & BETTS CORPORATION V. ROBROY INDUSTRIES, INC. ET AL. | | |

*also Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). The rule is based on the doctrine of federal comity, *see Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1192 (C.D. Cal. 2006), as well as the need to conserve judicial resources, *see Alltrade*, 946 F.2d at 625. For the first-to-file rule to apply, two requirements must be met: (1) chronology of filing; and (2) the same parties and issues in the later-filed action as in the first-filed action. *See Alltrade*, 946 F.2d at 625; *see also Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). "The 'sameness' requirement does not mandate that the two actions be identical"; rather, the requirement is satisfied if the actions are "substantially similar." *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006).

As the purpose of the first-to-file rule is to promote efficiency and avoid duplicative litigation, it "should not be disregarded lightly." *Alltrade*, 946 F.2d at 625 (quoting *Church of Scientology of Cal. v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)). Nevertheless, "[t]he most basic aspect of the first-to-file rule is that it is discretionary." *Id.* at 628. Thus, a district court may depart from the rule for reasons of equity, such as where the first-filed suit evidences bad faith, anticipatory suit, or forum shopping. *Id.* at 627–28.

## IV. DISCUSSION

Defendants seek to dismiss this action pursuant to the first-to-file rule. (Defs.' Mot. at 4–10.) Plaintiff argues that the first-to-file rule does not apply here because this action and the case before Judge Gilstrap in the Eastern District of Texas do not substantially overlap. (Opp'n at 15–16.) Plaintiff also argues that even if the rule's basic requirements are met, the Court should depart from the rule based upon ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. (Opp'n at 7–14.)

### A. Whether the First-to-File Rule Applies

As set forth above, application of the first-to-file rule requires proper chronology and an identity of issues and parties. *See Alltrade*, 946 F.2d at 625. The first requirement is met here, as Defendants filed the complaint in the Eastern District of Texas before Plaintiff initiated this lawsuit. The second requirement is also satisfied, as both actions involve the same parties and substantially similar issues. The litigation in the Texas

Case 2:15-cv-04150-BRO-GJS Document 43 Filed 08/06/15 Page 6 of 11 Page ID #:695

STAY

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04150 BRO (GJSx) | Date | August 6, 2015 |
|---|---|---|---|
| Title | THOMAS & BETTS CORPORATION V. ROBROY INDUSTRIES, INC. ET AL. | | |

district court involves Defendants' claims that Plaintiff violated the Lanham Act and Texas state law by misrepresenting whether Defendants' metal coated conduit complies with UL's safety standards. In this action, Plaintiff seeks a declaratory judgment that it did not violate the Lanham Act or commit trade defamation or unfair competition. In essence, Plaintiff seeks an order from this Court that it is not liable for the misconduct alleged in the case before the Texas district court. Thus, the two cases present substantially similar issues. *See Inherent.com*, 420 F. Supp. 2d at 1099 (finding an identity of issues where the cases involved an action for breach of contract and an inverse declaratory judgment action).

In arguing that these cases do not substantially overlap, Plaintiff mischaracterizes the nature of both actions. Plaintiff contends that while "the settlement agreement is the core issue in this case," the agreement has no application to the case pending in the Eastern District of Texas. (*See* Opp'n at 15–16.) True, Defendants have not alleged a breach of the settlement agreement in the Texas litigation. But this does not mean the litigation will not involve the agreement. In fact, the basis for Plaintiff's transfer motion presently pending before the Texas court is that ███████████████████████████████████████████████████████████████████████. (*See* Defs.' Mot. Ex. C.) Thus, a key dispute in both actions is whether Plaintiff's alleged misconduct falls within the terms of the settlement agreement and, if so, whether Plaintiff in fact violated the Lanham Act or Texas common law in light of the agreement's provisions. The actions are therefore substantially similar so as to permit application of the first-to-file rule. *See Inherent.com*, 420 F. Supp. 2d at 1099 (rejecting the argument that an additional fraud claim in the later-filed action rendered the case dissimilar from the first-filed action because a ruling on the fraud issue would be "intimately intertwined" with the central dispute in both cases regarding the purported breach of contract).

### B. Whether the Court Should Decline to Apply the First-to-File Rule

The first-to-file rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95. The Ninth Circuit has stated that although the rule "should not be disregarded lightly," the relevant "[c]ircumstances and modern judicial reality" may require a departure. *Church of Scientology*, 611 F.2d at 750. Circumstances under which a later-filed court may decline to apply the first-to-file rule include bad faith,

**STAY**

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04150 BRO (GJSx) | Date | August 6, 2015 |
|---|---|---|---|
| Title | THOMAS & BETTS CORPORATION V. ROBROY INDUSTRIES, INC. ET AL. | | |

anticipatory suit, and forum shopping. *Alltrade*, 946 F.2d at 627–28. "A court may also refuse to apply the first[-]to[-]file rule if the balance of convenience weighs in favor of the later-filed action." *Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) (citing *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994)). Nevertheless, arguments regarding the respective convenience of the two courts should generally "be addressed to the court in the first-filed action. . . . The court in the second-filed action is not required to duplicate this inquiry." *Alltrade*, 946 F.2d at 628 (quoting *Pacesetter*, 678 F.2d at 96).

Plaintiff does not argue that any of the traditional exceptions to the first-to-file rule apply. (*See generally* Opp'n.) Rather, Plaintiff argues that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. As discussed in further detail below, the Texas district court is the appropriate forum for determining whether ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Plaintiff relies on *Universal Operations Risk Mgmt., LLC v. Global Rescue LLC*, No. CV 11-05969 SBA, 2012 WL 2792444 (N.D. Cal. July 9, 2012) for the proposition that a forum selection clause trumps the first-to-file rule. The court in *Universal Operations*, however, faced a different inquiry than the one before this Court. The defendant in *Universal Operations* sought to dismiss the case for improper venue on the basis of a forum selection clause requiring litigation in a Massachusetts court. *Id.* at *4. The parties agreed that the claims at issue fell within the scope of the clause and that the clause was mandatory rather than permissive. *Id.* Additionally, the *Universal Operations* court was the first-filed court. Thus, the issue before the court was whether the first-to-file rule trumped or invalidated the forum selection clause. *Id.* at *5. After finding the rule "is not a legitimate basis" for permitting plaintiffs in a first-filed action to escape the requirements of a valid forum selection clause, the *Universal Operations* court concluded that the rule did not render the parties' otherwise valid forum selection clause unenforceable and accordingly dismissed the case for improper venue. *Id.* at *6.

Given the factual and procedural differences between *Universal Operations* and this case, the decision provides little support for Plaintiff's argument. Whereas the parties in *Universal Operations* agreed the forum selection clause applied to the

**STAY**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04150 BRO (GJSx) | Date | August 6, 2015 |
|---|---|---|---|
| Title | THOMAS & BETTS CORPORATION V. ROBROY INDUSTRIES, INC. ET AL. | | |

plaintiff's claims and mandated resolution in a Massachusetts court, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Moreover, the *Universal Operations* court was, unlike this Court, the first-filed court. Its determination that the first-to-file rule did not invalidate the parties' forum selection clause implicitly supports the notion that, in cases involving a forum selection clause, the first-filed court should determine whether the clause is applicable and enforceable.

    The remaining cases cited by Plaintiff also suggest that the question of whether a forum selection clause applies should be left to the first-filed court. As in *Universal Operations*, the court in *Automated Solutions, Inc. v. Fadal Machining Centers, LLC*, No. CV-00344 MHW, 2011 WL 2182457, at *5 (D. Idaho June 6, 2011) was the first-filed court. Thus, in finding the parties' forum selection clause rather than the first-to-file rule should control the question of venue, the court did not depart from the rule's basic premise that the second-filed action should be dismissed, transferred, or stayed. Instead, the court determined the forum selection clause was valid and enforceable, mandated venue in a different state, and should not be disregarded merely because the plaintiffs filed suit first. *Id.* at *6. Similarly, *Hy Cite Corp. v. Advanced Marketing International, Inc.*, No. CV 05-00722 JCS, 2006 WL 3377861, at *4–5 (W.D. Wis. Apr. 10, 2006) involved the first-filed court finding venue inappropriate, despite the first-to-file rule, because of a valid forum selection clause.[3]

    Although *Megadance USA Corp. v. Knipp*, 623 F. Supp. 2d 146, 148 (D. Mass. 2009) involved the later-filed court, the case is distinguishable because it found the first-filed action was an anticipatory suit. An anticipatory suit is one of the recognized exceptions to the first-to-file rule. Thus, although the rule would generally favor dismissal, transfer, or a stay of the case, it "ha[d] somewhat diminished impact" under the circumstances. *Id.* Additionally, in finding the parties' forum selection clause (which set the proper venue in the later-filed Massachusetts court) favored a departure from the first-to-file rule, *Megadance* relied on *Wellons v. Numerica Savings Bank, FSB*, 749 F. Supp. 336 (D. Mass. 1990). But *Wellons* involved the first-filed court. *Id.* at 337. Because

---

[3] The *Hy Cite* court noted that "[c]onsidering the voluminous litigation history between the parties[,] as well as the variety of individuals named as plaintiffs and defendants in said litigation[,] it is unclear whether plaintiffs' action in this district even constitutes the first-filed action." 2006 WL 3377861, at *4 n.1. Nevertheless, the court analyzed the first-to-file argument assuming it was the first-filed court.

STAY

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-04150 BRO (GJSx)** | Date | August 6, 2015 |
|---|---|---|---|
| Title | **THOMAS & BETTS CORPORATION V. ROBROY INDUSTRIES, INC. ET AL.** | | |

*Megadance* did not consider whether it is appropriate for a later-filed court to determine the validity of a forum selection clause, the Court finds its reasoning unpersuasive.

Plaintiff has not identified, and the Court is unaware, of any Ninth Circuit authority suggesting that a forum selection clause whose applicability is contested requires the later-filed court to depart from the first-to-file rule. The Fifth Circuit, however, holds that the later-filed court's inquiry is limited to whether the cases are substantially similar such that the first-to-file rule applies. *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971) ("Once the likelihood of substantial overlap between the two suits ha[s] been demonstrated, it [i]s no longer up to the [later-filed court] to resolve the question of whether both should be allowed to proceed."); *accord Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605 (5th Cir. 1999). Thus, district courts in Texas routinely find that a later-filed court should not determine whether a forum selection clause trumps the first-to-file rule, and that the question of forum should be resolved by the first-filed court. *See, e.g.*, *Strukmyer, LLC v. Infinite Fin. Sols., Inc.*, No. CV 13-03798 DLH, 2013 WL 6388563, at *8 (N.D. Tex. Dec. 5, 2013); *Bank of Am. v. Berringer Harvard Lake Tahoe*, No. CV 13-00585 AJF, 2013 WL 2627085, at *4 (N.D. Tex. June 12, 2013) ("[T]he issue of whether the forum-selection clause binds the parties does not need to be addressed by the court in the second-filed action."); *see also S & B Eng'rs & Constructors, Ltd. v. Alstom Power, Inc.*, No. CV 04-00150 L, 2004 WL 2360034, at *2 (N.D. Tex. Oct. 19, 2004) (as the first-filed court, finding it was the appropriate forum to determine whether a forum selection clause required a transfer of the case).

The Ninth Circuit's statements in *Alltrade* and *Pacesetter* further support a finding that, as the later-filed court, this Court should not resolve the questions of whether ███████████████████████████████████████████████████████████████████. Both decisions suggest that venue-related considerations of convenience "should be addressed to the court in the first-filed action" and that "[t]he court in the second-filed action is not required to duplicate this inquiry." *See Alltrade*, 946 F.2d at 628 (quoting *Pacesetter*, 678 F.2d at 96). Because Plaintiff has already filed a motion to transfer in the Eastern District of Texas █████████████████████████████████████████, that court, as the first-filed court, should be permitted to resolve the question of venue. The interests of judicial economy and avoiding inconsistent judgments, both of which underlie the first-to-file rule, suggest that deferring to the Texas district court's resolution is the proper course of action.

STAY

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04150 BRO (GJSx) | Date | August 6, 2015 |
|---|---|---|---|
| Title | THOMAS & BETTS CORPORATION V. ROBROY INDUSTRIES, INC. ET AL. | | |

Practical considerations and the particular circumstances of this case further favor reserving the venue question to the Texas district court. The parties have fully briefed the Texas court on the issues of ███████████████████████████████████████████ ███████████████████████████████████████████████████████████████. (*See* Defs.' Mot. Exs. C, D.) In contrast, the papers filed in connection with the instant motion devote only eleven pages to these issues. (*See* Opp'n at 10–14; Reply at 7–12.) The briefings before this Court primarily concern whether the two cases are substantially similar, and, if so, whether the Court should dismiss, transfer, or stay this case. The Texas district court is therefore better positioned to determine ████████████████ ██████████████████████████████.

In sum, the Court finds that the first-to-file rule applies, as these cases present an identity of issues and parties. Further, the Court finds that no recognized exception requires a departure from the rule. The question of venue is properly reserved to the Texas district court as the first-filed court.

### C. Whether to Dismiss, Transfer, or Stay This Case

Having concluded that the first-to-file rule applies ████████████████████████ ███████████████████████████████████████████████████████████████ ██████████████████████, the only remaining inquiry is whether to dismiss, transfer, or stay this case. Transferring this case to the Eastern District of Texas is inappropriate under the circumstances for two reasons. First, it would invade the Texas district court's right to resolve the question of venue. Second, transferring this case before the Texas court has ruled on Plaintiff's transfer motion risks inconsistent judgments, which is one of the concerns the first-to-file rule is designed to avoid.

Because the Texas district court has not yet ruled on Plaintiff's motion to transfer, dismissal is also inappropriate at this time. *See EMC Corp. v. Bright Response, LLC*, No. CV 12-02841 EMC, 2012 WL 4097707, at *5 (N.D. Cal. Sept. 17, 2012) (staying the later-filed action where a transfer motion was pending in the first-filed court); *see also Alltrade*, 946 F.2d at 629 ("[W]here the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed."); *British Telecomms. plc v. McDonnell Douglas Corp.*, No. CV 93-00677 MHP, 1993 WL 149860, at *5 (N.D. Cal. May 3, 1993) (declining to dismiss case and staying the

STAY

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04150 BRO (GJSx) | Date | August 6, 2015 |
|---|---|---|---|
| Title | THOMAS & BETTS CORPORATION V. ROBROY INDUSTRIES, INC. ET AL. | | |

proceedings where jurisdictional and joinder issues remained unresolved in the first-filed court). Accordingly, the Court will stay this case pending the Texas court's decision on Plaintiff's motion to transfer.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, Transfer, or Stay is **GRANTED in part**. The Court hereby **STAYS** these proceedings pending the Texas district court's resolution of Plaintiff's motion to transfer. **The parties are directed to file a joint report detailing the status of the Texas district court's ruling on the transfer motion every 60 days. The First report shall be due on October 5, 2015 by 4:00 p.m.** If the Texas court denies Plaintiff's motion and declines to transfer the case, Defendants may file a renewed motion to transfer or dismiss this case. **The hearing on this matter scheduled for Monday, August 10, 2015, at 1:30 p.m. is hereby VACATED**.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | rf | |